### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL GERALD GAMBOA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 14-1373 |
| ) | |
| JEFFREY KRUEGER, Warden, ) | |
| ) | |
| Respondent. ) | |

### O R D E R

This matter is now before the Court on Petitioner, Michael Gamboa's ("Gamboa"),Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the Petition and Supplement [1, 4] are DISMISSED.

#### BACKGROUND AND DISCUSSION

In 2003, Gamboa was found guilty of conspiracy to possess with intent to distribute methamphetamine (Count 1), possession of methamphetamine with intent to distribute (Count 2), simple possession of cocaine (Count 3), using and carrying firearms during and in relation to a drug trafficking crime (count 4), possession of firearms in furtherance of a drug trafficking crime (Count 5), possession of firearms and ammunition by a convicted felon (Count 6), and possession of firearms and ammunition by a fugitive from justice (Count 7) in the United States District Court for the District of North Dakota. He was sentenced to concurrent terms of life imprisonment on Counts 1 and 2, 90 days' imprisonment on Count 3, and 10 years' imprisonment on Counts 6 and 7; Gamboa was also sentenced to 30 years' imprisonment on Count 4, to be served consecutively to the sentences on Counts 1, 2, 3, 6, and 7) and life imprisonment on Count 5, to run consecutively to the term on Count 4.

Gamboa pursued a direct appeal; his conviction on Count 7 was vacated but his sentence and conviction were affirmed in all other respects in United States v. Gamboa, 439 F.3d 796 (8th Cir. 2006). His Petition for Writ of Certiorari was denied by the Supreme Court on November 13, 2006. He then filed his initial § 2255 Motion raising 47 claims of error. The Motion was denied, and the Eighth Circuit declined to issue a certificate of appealability. A second § 2255 motion was filed on November 19, 2012, arguing that Counts 4 and 5 are unconstitutional because he was charged with a violation of 18 U.S.C. § 924(c)(1)(A), not 18 U.S.C. § 924(c)(1)(B)(ii), and relying on United States v. O'Brien, 560 U.S. 218 (2010). The motion was denied for lack of authorization to bring a second petition by the Eighth Circuit.

In January 2007, Gamboa brought a § 2241 petition in the United States District Court for the Eastern District of Kentucky in which he asserted that he was actually innocent of any offense under 18 U.S.C. § 924(c)(1)(B)(ii). This petition was denied on January 5, 2007, finding that he did not meet the criteria to proceed under § 2241 because he had not shown that he was convicted of conduct that is no longer criminal because of an intervening decision by the Supreme Court.

He brought another § 2241 petition in April 2011, in the United States District Court for the Middle District of Florida. In this petition, he argued that he was improperly sentenced for using or carrying a machine gun in violation of § 924(c)(1)(B)(ii), as the type of weapon was an element of the offense that should have been determined by a jury. Gamboa further asserted that § 2255 had been inadequate to afford him relief because the decision in O'Brien had not yet issued at the time of his initial § 2255 motion. The petition was dismissed based on the finding that "the savings clause of § 2255(e) does not permit a prisoner to bring in a § 2241 petition a guidelines miscalculation claim that is barred from being presented in a § 2255 motion by the second or successive motions bar of § 2255(h)."

Gamboa filed the present Petition pursuant to § 2241 in which he alleges: (1) that his mandatory minimum and consecutive sentences should be vacated in light of subsequent statutory interpretation cases in O'Brien and Castillo v. United States, 530 U.S. 120 (2000), as well as a sea change in DOJ policy concerning the availability of relief under § 2241, and (2) that he is actually innocent of the crimes in Counts 4 and 5. The matter is fully briefed, and this Order follows.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

In this § 2241 Petition, however, Gamboa does not challenge the circumstances of his confinement. Rather, he attacks the validity of his convictions and sentences. Accordingly, this Petition involves a collateral attack on his conviction, which would traditionally be brought pursuant to 28 U.S.C. § 2255. However, Gamboa has already pursued § 2255 relief twice and is now barred from pursuing further relief under that section absent permission from the Court of Appeals to bring a second petition, unless he qualifies as one of the few instances in which petitioners may seek collateral relief under § 2241. Gray-Bey v. United States, 209 F.3d 986, 988-90 (7th Cir. 2000); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998); Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003).

In Davenport, the Seventh Circuit held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d at 611. To be allowed to proceed, a petitioner must show that § 2255 was inadequate or ineffective to test the legality of his detention. To make this showing, a petitioner must show that: (1) he relies on a new case of statutory interpretation rather than a constitutional decision;

- 3 -

(2) the case was decided after his initial § 2255 Motion but is retroactive; and (3) the alleged error results in "fundamental defect" grave enough to be deemed a miscarriage of justice. Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013); Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012); United States v. Prevatte, 300 F.3d 792, 299 (7th Cir. 2002). The Seventh Circuit has clarified that to demonstrate inadequacy or ineffectiveness, the new legal theory must establish the petitioner's actual innocence. Hill v. Werlinger, 695 F.3d 644, 648 (7th Cir. 2012).

Gamboa's claims both relate to the assertion that his consecutive sentences on Counts 4 and 5 must be vacated based on the Supreme Court's decisions in O'Brien and Castillo, as well as a policy change in the Department of Justice. In O'Brien, the Supreme Court held that under 18 U.S.C. § 924(c)(1)(B)(ii), the fact that the firearm in question was a machine gun is an element of the offense to be proven to the jury beyond a reasonable doubt rather than a sentencing factor to be determined by a judge based on a preponderance of the evidence. Id., at 235. This reaffirmed the holding in Castillo, which was decided in 2000 and was therefore available to Gamboa at the time of his initial collateral attack in 2007. This is functionally the same argument that Gamboa previously raised in his second § 2255 motion and second § 2241 petition, and this alone would bar relief.

Moreover, while Gamboa has identified precedent that did not exist at the time of his initial motion, O'Brien did not state a new rule of law, but rather acknowledged that the holding in Castillo remained valid despite an intervening amendment to § 924(c). His argument does not rely on a retroactive change or support a non-frivolous claim of actual innocence, that is he cannot "admit to everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes." Kramer v. Olsen, 347 F.3d 214, 217 (7th Cir. 2003). O'Brien and Castillo did not decriminalize the use or carrying of a machine gun in furtherance of a drug trafficking crime; to the contrary, these cases simply clarified who is responsible for making the determination of the nature of the weapon involved in the charge. Having failed to demonstrate actual innocence or that § 2255

was inadequate or ineffective to provide him relief, Gamboa has failed to meet the prerequisites established in <u>Davenport</u> and its progeny and cannot proceed under § 2241.

## CONCLUSION

For the reasons stated herein, Gamboa's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Supplement [1, 4] are DISMISSED for lack of jurisdiction.

ENTERED this 13th day of July, 2015.

/s/ James E. Shadid
James E. Shadid
Chief United States District Judge